Richardson, Ch. J.,
delivered the opinion of the court:
The claimant brings this action to recover three months’ extra pay as lieutenant in the regular Navy on account of his service on duty at the naval rendezvous at Philadelphia during the Mexican war, under the provisions of the Act of July 19, 1848 (9 Stat. L., ch. 104, § 5, p. 248), and the Act of February 19, 1879 (20 Stat., 316, ch. 90).
The former act allows to certain officers, non-commissioned officers, and privates “engaged in the military service of the United States in the war with Mexico * * * three months’ extra pay: * * * Provided, That this provision of this fifth section shall only apply to those who have been in actual service during the war.”
The latter act directed the Secretary of the Treasury to pay to the officers and soldiers engaged in the military service of the United States in the war with Mexico the three months’ extra pay provided for by the Act of July 19, 1848, “ and *401 tbe limitations contained in said act” with this provision added: 7
uProvided, That the provisions of this act shall include also the officers, petty officers, seamen, and marines of the United States Navy, tbe Revenue Marine Service, and the officers and soldiers of the United States Army employed in the prosecution 0/ said war.'1’.
Those acts have received a full analysis and exposition from this court in the case of Emory, reported in 19 Court of Claims Reports, 254, and it is unnecessary to go over the whole subject again.
In our opinion, taking the two acts together, the claimant is not entitled to recover' the three months’ extra pay thereby allowed unless the facts show that he was engaged in the naval service of the United States in the war with Mexico, was em- . ployed in the prosecution of said war, and was in actual service during the war.
It is apparent that Congress intended by the second act, so for as it relates to the regular Navy, to restrict its bounty to those officers and men who were employed in such service as exposed them, either immediately or prospectively, to danger, risk, or hardship, incident alone to the Mexican war, by actual service therein, to the exclusion of those who, while in the naval service and employed in their ordinary duties, were not in any way subject to those incidents.
The claimant, being a lieutenant in the regular Navy, was required to perform such naval service as should be imposed upon him by his superior officers. He could hardly have found any duty in the Navy more safe for keeping out of danger from actual service in the prosecution of the war than that of the undefined shore duty at the naval rendezvous at Philadelphia to which he was ordered, considering that the war with Mexico was exclusively a war of invasion of that country by the United States.
The claimant is not entitled to recover, and his petition must be dismissed.